UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ARACELY HERNANDEZ,

Plaintiff,

v.

ASHLEY DOOLEY,

Defendant.

Case No. 3:18-cv-01764-MK

FINDINGS AND
RECOMMENDATION

KASUBHAI, Magistrate Judge:

Plaintiff, an inmate at the Coffee Creek Correctional Facility, files this civil rights action and moves to proceed in forma pauperis (ECF No. 1). Review of the application reveals that plaintiff is unable to afford the fees of this action. Pursuant to the Prison Litigation Reform Act, a prisoner proceeding in forma pauperis is required to pay the full filing fee of $350 when funds exist. 28 U.S.C. § 1915(b)(1). Plaintiff has been without sufficient funds for the six months immediately preceding the filing of her Complaint and the Court will not assess an initial partial filing fee. However, plaintiff's Complaint is deficient and should be dismissed.

1 -   FINDINGS AND RECOMMENDATION

In federal court, dismissal of a pro se complaint "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle [her] to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff seeks to file suit against a fellow inmate who allegedly assaulted her in violation of Oregon laws. According to plaintiff's Complaint, both she and defendant are residents of Oregon, and this Court has no jurisdiction to resolve state law claims between residents of the same state. 28 U.S.C. § 1332(a)(1) (federal courts have jurisdiction over civil actions "between citizens of different States" where the matter in controversy exceeds $75,000). Further, plaintiff does not allege a federal question to support jurisdiction under 28 U.S.C. § 1331 (federal courts have jurisdiction over claims brought pursuant to federal law). To the extent plaintiff seeks to raise a federal claim under 42 U.S.C. § 1983, plaintiff must allege that 1) a person acting under color of law 2) deprived plaintiff of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). The named defendant is a private individual and not a government actor acting under color of law, and plaintiff's allegations do not implicate a "conspiracy" or "joint action" between defendant and any government actor to support a § 1983 claim. *Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010); *Simmons v. Sacramento Cty. Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). Thus, this federal Court lacks jurisdiction over plaintiff's claims; instead, plaintiff must raise her claims in state court.

2 -    FINDINGS AND RECOMMENDATION

No amendment would cure the deficiencies in plaintiff's Complaint, and it should be dismissed for lack of jurisdiction.

## **CONCLUSION**

Plaintiff's Application to Proceed In forma Pauperis (ECF No. 1) is GRANTED, and her Motion to Waive Fees (ECF No. 3) is DENIED as moot. Plaintiff's Complaint should be DISMISSED with prejudice for failure to state a claim.

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within (14) days from service of the Findings and Recommendation. Plaintiff is advised that the failure to file objections will result in dismissal of this action.

IT IS SO ORDERED.

DATED this 1 day of October, 2018.

_____
Mustafa T. Kasubhai
United States Magistrate Judge